UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

———————————————————— x
                                                    :
DAVID ADJMI,                                        :
                                                    :        14 Civ. 0568 (TPG)
                         Plaintiff,                 :
                                                    :
            - against -                             :
                                                    :
DLT ENTERTAINMENT LTD.,                             :
                                                    :
                         Defendant.                 :
                                                    :
———————————————————— x
                                                    :
THREE'S COMPANY, A JOINT VENTURE,                   :
AND DLT ENTERTAINMENT LIMITED,                      :
                                                    :
                         Counter-Claimants,         :
                                                    :
            - against -                             :
                                                    :
DAVID ADJMI, RATTLESTICK                            :
PRODUCTIONS, INC., RISING PHOENIX                   :
REPERTORY, INC., and PIECE BY PIECE                 :
PRODUCTIONS, INC.                                   :
                                                    :
                         Counter-Defendants.        :
———————————————————— x

**PLAINTIFF/COUNTER-DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**DAVIS WRIGHT TREMAINE LLP**
**1633 Broadway**
**New York, New York 10019**
**(212) 489-8230**
*Attorneys for Plaintiff/Counter-Defendant*
*David Adjmi*

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
**488 Madison Avenue, 10th Floor**
**New York, New York 10022**
**(212) 980-0120**
*Attorneys for Counterclaim Defendants piece by piece productions, Inc., Rattlestick*
*Productions, Inc. and Rising Phoenix Repertory, Inc.*

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arrow Productions v. The Weinstein Company LLC*,
  No. 13-cv-5488, slip op. (S.D.N.Y. Aug. 25, 2014) ............................................................3

*BLT Rest. Grp. LLC v. Tourondel*,
  855 F. Supp. 2d 4 (S.D.N.Y. 2012) ...................................................................................4

*Brooks v. Macy's, Inc.*,
  10 CIV 5304, 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010) .............................................5

*Brownmark Films, LLC v. Comedy Partners*,
  682 F.3d 687 (7th Cir. 2012) ............................................................................................3

*Cariou v. Prince,*
  714 F.3d 694 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 618 (Nov. 12, 2013) .......................5

*Chrysler Capital Corp. v. Century Power Corp.*,
  137 F.R.D. 209 (S.D.N.Y. 1991) ...................................................................................5, 6

*Effie Film v. Murphy*,
  932 F. Supp. 2d 538 (S.D.N.Y. 2013), *aff'd*, 2014 WL 1797466
  (2d Cir. May 7, 2014) ........................................................................................................4

*Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*,
  No. 08 Civ. 2437, 2009 WL 274483 (S.D.N.Y. Feb. 3, 2009) ............................................2

*Flaherty v. Filardi*,
  388 F. Supp. 2d 274 (S.D.N.Y. 2005)...............................................................................4, 6

*Gandler v. Nazarov*,
  No. 94 Civ. 2272, 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994).........................................5

*Gardner v. Major Auto. Cos.*,
  No. 11-CV-1664, 2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) .......................................2

*In re Currency Conversion Fee Antitrust Litig.*,
  No. MDL 1409, M21-95, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002)................................5

*In re Term Commodities Cotton Futures Litig.*,
  No. 12 Civ. 5126, 2013 WL 1907738 (S.D.N.Y. May 8, 2013)..................................3, 4, 6

*Niv v. Hilton Hotels Corp.*,
  No. 06-cv-7839, 2007 WL 510113 (S.D.N.Y. Feb. 15, 2007) ...........................................2

*Siemens Credit Corp. v. American Transit Ins. Co.*,
    No. 00 cv 0880, 2000 WL 534497 (S.D.N.Y. May 3, 2000)...............................................2

## STATUTES AND RULES

Fed. R. Civ. P. 12(c) ...................................................................................................................1

Fed. R. Civ. P. 26(c) ...................................................................................................................2

DWT 24497348v2 0200664-000001

## PRELIMINARY STATEMENT

Plaintiff/Counter-Defendant David Adjmi ("Adjmi") and Counter-Defendants Rattlestick Productions, Inc., Rising Phoenix Repertory, Inc., and piece by piece productions, Inc. (the "Production Companies") submit this memorandum of law in support of their motion for a stay of discovery pending the Court's decision on their Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Their dispositive motion in this copyright infringement action can be decided by comparing the two works at issue. Discovery would impose a burden that is entirely unnecessary in these circumstances.

Adjmi and the Production Companies filed their motion for judgment on the pleadings on August 25, 2014. Defendants/Counterclaimants DLT Entertainment Limited and Three's Company, A Joint Venture (collectively, "DLT and the Joint Venture") then served a notice to take the deposition of Adjmi and also served interrogatories and requests for production upon Adjmi and the Production Companies. As explained in the Memorandum of Law in support of their motion for judgment on the pleadings, the movants contend that Adjmi's play *3C* makes fair use of elements of the iconic television series *Three's Company* to criticize and parody it, and the motion for judgment on the pleadings can be decided based on the pleadings and a comparison of the two works. Should the Court grant the motion in favor of Adjmi and the Production Companies, no discovery would ensue. To avoid unnecessary, burdensome, and inefficient discovery, Adjmi and the Production Companies request a Protective Order staying discovery pending resolution of the motion for judgment on the pleadings.

As set forth in the accompanying Declaration of Edward J. Davis, the parties have conferred in good faith in an effort to resolve this issue but were unable to reach resolution.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Here, the deposition and written discovery that DLT and the Joint Venture seek would place undue burden on plaintiff/counter-defendants because their dispositive motion is based solely on the pleadings and can be appropriately and most efficiently decided without the need for discovery. As another court in this Circuit has written,

> Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with the entire purpose of the stay provision[, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.

*Gardner v. Major Auto. Cos.*, No. 11-CV-1664, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (internal quotation marks and citation omitted).

The decision to stay discovery rests within the discretion of the district court. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, No. 08 Civ. 2437, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). Good cause for a stay of discovery "may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." *Niv v. Hilton Hotels Corp.*, No. 06-cv-7839, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007); *see also Siemens Credit Corp. v. American Transit Ins. Co.*, No. 00 cv 0880, 2000 WL 534497, at *1 (S.D.N.Y. May 3, 2000) (district court may stay discovery "where resolution of a preliminary motion may dispose of the entire action").

This case meets all three criteria. First, Adjmi and the Production Companies have filed a motion for judgment on the pleadings. Second, the requested stay would be only for the short

period of time in which the Court decides the motion for judgment on the pleadings. *See In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) ("[T]he stay requested is for a short period of time, until the assigned district judge issues his decision on the defendants' motion to dismiss."). And, postponing discovery for a short time will not prejudice DLT and the Joint Venture in any way: if the Court denies the motion for judgment on the pleadings, discovery will proceed; if the Court grants the motion, discovery will be unnecessary.

DLT and the Joint Venture may argue that they would be prejudiced because they seek discovery to aid their opposition to the motion for judgment on the pleadings, but the motion can be decided simply by comparing the two works. This Court recently resolved a very similar request in another action based on alleged copyright infringement, *Arrow Productions v. The Weinstein Company LLC*, No. 13-cv-5488, slip op. at 11-12 (Aug. 25, 2014) (Griesa, J.). In deciding a motion for judgment on the pleadings on the ground of fair use, the Court wrote:

> Plaintiff argues that this court should not make a fair use determination at this stage in the litigation, because there are factual questions that must be addressed through discovery. The court disagrees. The court is not aware of any authority in this Circuit that prevents it from undertaking a fair use inquiry in a motion for judgment on the pleadings. The Second Circuit has explained that the "fact-driven nature of the fair use determination suggests that a district court should be cautious in granting [dismissal in advance of trial] in this area." See Wright v. Warner Books, Inc., 953 F.2d 731, 735 (2d Cir. 1991). The court appreciates that would there be factual questions in the case, then a fair use determination would be inappropriate. However, there is a complete factual record before the court and discovery would not provide any additional relevant information in this inquiry. All that is necessary for the court to make a determination as to fair use are the two films at issue — *Deep Throat* and *Lovelace*. Accordingly, below, the court undertakes a fair use analysis.

Other courts agree. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("the only two pieces of evidence needed to decide the question of fair use in this case are"

DWT 24497348v2 0200664-000001

the original work and the parody); *Flaherty v. Filardi*, 388 F. Supp. 2d 274, 283-84 (S.D.N.Y. 2005) ("the Court must resolve the copyright infringement question posed in the instant motion practice solely by comparing Plaintiff's screenplay and Defendants' finished movie").

DLT and the Joint Venture may also cite the absence of a video recording of the play in arguing that discovery is warranted to help the Court make a determination of fair use.  But this Court encountered a similar argument in *Effie Film v. Murphy*, 932 F. Supp. 2d 538, 555 (S.D.N.Y. 2013) (Griesa, J.), *aff'd*, 2014 WL 1797466 (2d Cir. May 7, 2014), when Murphy contended that the Court could not grant judgment on the pleadings as to non-infringement based on the shooting script of a film because Effie Film had not provided the finished film to the Court.  *Id.*  Effie Film represented to the Court that its film would closely match the screenplay, and the Court stated that "common sense" dictated that the production was likely to do so.  The Court concluded on the basis of the shooting script that the work did not infringe Murphy's copyright.  Similarly, here, the actual production closely matched the *3C* script, and DLT and the Joint Venture do not appear to suggest that the production deviated from the script.  DLT and the Joint Venture's pleadings set forth the alleged similarities in setting, costuming, and characters that DLT and the Joint Venture now claim they need discovery to delineate.  In deciding the motion for judgment on the pleadings, the Court will accept the non-movant's factual allegations as true, so DLT and the Joint Venture have no need to gather evidence to support those allegations now.

Courts in this district frequently grant motions for stays of discover pending the resolution of dispositive motions.  *See, e.g.*, *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *5 (granting stay of discovery until defendants' motion to dismiss was decided)**;** *BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp. 2d 4, 19-20 (S.D.N.Y. 2012) (noting that court

granted stay of deposition discovery during pendency of defendant's motion for summary

judgment); *Brooks v. Macy's, Inc.*, No. 10 CIV 5304, 2010 WL 5297756, at *2 (S.D.N.Y.

Dec. 21, 2010) (granting stay of deposition discovery pending motion for judgment on the

pleadings); *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, M21-95, 2002 WL

88278, at *2-3 (S.D.N.Y. Jan. 22, 2002) (granting stay of non-custodial depositions pending

resolution of defendants' forthcoming motion to dismiss); *Gandler v. Nazarov*, No. 94 Civ. 2272,

1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay where motion to dismiss was

potentially dispositive and "not unfounded in the law" and non-movant had presented no

evidence of prejudice).

     Where, as here, one court is deciding both the dispositive motion and the motion for the

stay, courts in this district consider two factors: first, whether the dispositive motion has

"substantial grounds" or "[does] not appear to be without foundation in law" (*Chrysler Capital

Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210-11 (S.D.N.Y. 1991); *Gandler*, 1994 WL

702004, at *4); and second, whether the plaintiffs can demonstrate "extraordinary prejudice" if

discovery is stayed.  *Chrysler Capital Corp.*, 137 F.R.D. at 211.

     Here, Adjmi and the Production Companies have asserted substantial grounds for their

motion for judgment on the pleadings: that *3C* represents a fair use of elements of *Three's

Company* that does not infringe the copyrights of DLT and the Joint Venture and is protected by

the First Amendment.  *See* Plaintiff/Counter-Defendants' Memorandum of Law in Support of

Motion for Judgment on the Pleadings.  This is an argument that can be decided on the basis of a

comparison of the two works.  *See Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013) ("What is

critical [in determining fair use] is how the work in question appears to the reasonable observer,

not simply what an artist might say about a particular piece or body of work."), *cert. denied*, 134

S. Ct. 618 (Nov. 12, 2013); *Flaherty*, 388 F. Supp. 2d at 283-84 (overruling plaintiff's objection to magistrate judge's order staying discovery pending resolution of summary judgment motion in copyright case, "because the Court must resolve the copyright infringement question posed in the instant motion practice solely by comparing Plaintiff's screenplay and Defendants' finished movie").  Nothing that Adjmi could say in a deposition would change the nature of the works that the Court will compare to determine whether the parody is a fair use.

Nor can DLT and the Joint Venture demonstrate prejudice – much less "extraordinary prejudice" – if discovery is stayed.  *See In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7 (plaintiffs failed to demonstrate prejudice when their only argument against a stay was that memories fade and non-parties might destroy documents – the "usual litigation risks that affect all the parties equally"); *Chrysler Capital Corp.*, 137 F.R.D. at 211 ("Plaintiffs will not be damaged by the grant of a stay of discovery until the motions to dismiss are decided.").

## CONCLUSION

As explained in the motion for judgment on the pleadings, DLT and the Joint Venture have already effectively delayed the publication of *3C* as part of a book of Adjmi's plays and in a performing edition that would allow further productions to be licensed.  For the reasons set forth above, Plaintiff/Counter-Defendants respectfully request that the Court avert further unnecessary

delay by staying discovery pending its decision on their pending motion judgment on the pleadings.

Dated: New York, New York
        August 28, 2014

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:/s/ Edward J. Davis

    Edward J. Davis
    Camille Calman

1633 Broadway, 27th Floor
New York, New York  10019
(212) 489-8230

Bruce E. H. Johnson
(admitted *pro hac vice*)

Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
(212) 489-8230

*Attorneys for Plaintiff/Counter-Defendant*
*David Adjmi*

FRANKFURT KURNIT KLEIN & SELZ, P.C.

    Toby Butterfield
    Andrew J. Ungberg
488 Madison Avenue, 10th Floor
New York, New York  10022
(212) 980-0120
tbutterfield@fkks.com
aungberg@fkks.com

*Attorneys for Counterclaim Defendants*
*piece by piece productions, Inc.,*
*Rattlestick Productions, Inc. and*
*Rising Phoenix Repertory, Inc.*

DWT 24497348v2 0200664-000001