UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID ADJMI,<br><br>    Plaintiff,<br><br>  v.<br><br>DLT ENTERTAINMENT LTD.,<br><br>    Defendant,<br><br>―――――――――――――――――――――<br>THREE'S COMPANY, A JOINT VENTURE, and DLT ENTERTAINMENT LTD.,<br><br>    Counter-Claimants,<br><br>  v.<br><br>DAVID ADJMI,<br><br>    Counter-Defendant, and<br><br>RATTLESTICK PRODUCTIONS, INC.,<br>RISING PHOENIX REPERTORY, INC., and<br>PIECE BY PIECE PRODUCTIONS, INC.,<br><br>    Third-Party-Defendants. | Civil Action No. 14 CV 568 (TPG) (JCF) |

**DECLARATION OF MICHELLE MANCINO MARSH
PURSUANT TO FED. R. CIV. P. 56(d)(2)**

I, Michelle Mancino Marsh, declare as follows:

1. I am an attorney, licensed in the state of New York and a partner at the law firm Kenyon & Kenyon LLP, which represents Defendants and Counter-Claimant DLT Entertainment Ltd. and Counter-Claimant Three's Company, A Joint Venture ("Three's Company") in this action. The facts stated in this declaration are based on my personal knowledge.

2. I provide this declaration in support of the Memorandum of Law in Opposition to Plaintiff/Counter-Defendants' ("Counter-Defendants") Motion for Judgment of the Pleadings ("Mot. J. Plead"), under Rule 12(c).

3. Counter-Defendants' Mot. J. Plead. presents matters outside of the pleadings. *See, e.g.*, Mot. J. Plead at 12 (citing Mr. Adjmi's testimony in the First Amended Complaint at ¶ 28); Mot. J. Plead at fn.8 at 17 (citing a newspaper article regarding when Mr. Adjmi sought legal advice).

4. Should the court find Mr. Adjmi's testimony and submitted news articles to be outside the scope of the pleadings and convert the Mot. J. Plead. to a motion for summary judgment pursuant to Rule 12(d), then Three's Company respectfully requests a reasonable opportunity to take discovery under Rule 56(d)(2). *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) ("A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." (internal quotes and marks omitted)).

1

5. Three's Company seeks several categories of discovery necessary to resist a summary judgment motion. In particular, Three's Company seeks the following categories of discovery:

(a) taped rehearsals, photographs of the performance, and deposition testimony from the parties, due to the absence of a complete recording of the performance of *3C*;

(b) Mr. Adjmi's deposition testimony, marketing materials, playbills, draft versions of *3C*, additional stage direction, reviews, and testimony from critics and audience members, to show that Adjmi intended *3C* to capitalize on the popularity of *Three's Company*, not to be a transformative parody; and

(c) evidence regarding *3C*'s public and critical reception and *3C*'s box office performance (Adjmi's deposition testimony may also be relevant to this inquiry), relevant to the fourth fair use factor (the effect on the market for the *Three's Company* television series).

6. Three's Company served Counter-Defendants with written discovery requests and a deposition notice. *See* Declaration of Michael E. Sander in Opposition to Motion to Stay Discovery, Doc. No. 43, Exs. A, B, C, D (Sep. 15, 2014).

7. Three's Company has been unsuccessful in its efforts to seek discovery because the Court granted Counter-Defendants' Motion to Stay discovery pending Counter-Defendants' Motion for Judgment on the Pleadings. *See* Order Granting Mot. to Stay, Doc. No. 47 (Oct. 2, 2014).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on October 28, 2014 in New York, New York.

2

Dated: October 28, 2014

_____
Michelle Mancino Marsh