# Frankfurt Kurnit Klein + Selz PC

**Toby Butterfield**

488 Madison Avenue, New York, New York 10022

T (212) 826 5567      F (347) 438 2135

tbutterfield@fkks.com

April 14, 2015

**<u>VIA ECF</u>**

Hon. Loretta A. Preska
Chief U.S. District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, New York 10007

RE:     <i>Adjmi v. DLT Entertainment Ltd.</i>, No. 14 CV 568

Dear Judge Preska:

We represent Counter-Defendants Rattlestick Productions, Inc., Rising Phoenix Repertory, Inc. and piece by piece productions, Inc. (the "Production Companies") in this case. Pursuant to Your Honor's individual practices, we request a pre-motion conference regarding the Production Companies' anticipated motion under Fed. R. Civ. P. 60(a) to correct the recently-filed Judgment [Dkt. No. 68]. The Production Companies seek to clarify the judgment so that it accurately reflects the relief requested in the Plaintiff / Counter-Defendants' motion [Dkt. No. 34], granted by the Court's Opinion and Order dated March 31, 2015 [Dkt. No. 67], which includes dismissal of all Counterclaims against the Production Companies with prejudice. We have conferred with Mr. Adjmi's counsel, who consent to this correction, and counsel for Counter-Claimants, who do not consent to the motion but do not oppose our request to file it.

*Relevant Procedural History*

The Production Companies became involved in this lawsuit when Defendant DLT Entertainment Ltd. and Counter-Claimant Three's Company (together "DLT") filed counterclaims against the Production Companies for their role in producing and performing Mr. Adjmi's play 3C. *See* Answer to First Amended Complaint and Counterclaims dated March 26, 2014 [Dkt. No. 10]. The Production Companies answered the counterclaims and, on August 25, 2014, joined with Mr. Adjmi to move this Court for, *inter alia*, judgment on the pleadings in favor of Plaintiff/Counter-Defendants and dismissing the counterclaims in their entirety. *See* Notice of Motion for Judgment on the Pleadings dated August 25, 2014 [Dkt. No. 34]; Mem. of Law in Support [Dkt. No. 35].

Hon. Loretta A. Preska
April 14, 2015
Page 2

On March 31, 2015 this Court issued the Opinion and Order, which granted the Motion for Judgment on the Pleadings and directed that judgment be entered in accordance with the order. *See* Opinion and Order [Dkt. No. 67] at 55–56. That same day, the Court issued the Judgment, which states only that "the Court concludes that *3C* is a fair use of *Three's Company*; accordingly, Adjmi's motion for judgment on the pleadings is granted." *Id.* [Dkt. No. 68].

*Legal Basis for the Anticipated Motion*

The Production Companies intend to move, pursuant to Rule 60(a), to correct the Judgment so that it reflects that DLT's counterclaims against Mr. Adjmi and the Production Companies are dismissed with prejudice. On motion by one of the parties or *sua sponte*, the Court may "correct a . . . mistake arising from oversight or omission wherever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) is "meant for changes that would implement the result intended by the court at the time the order was entered." *See Weiming Chen v. Ying-Jeou Ma*, No. 12-cv-5232, 2014 WL 464779, at *1 (S.D.N.Y. 2014).

Correcting the Judgment to reflect dismissal of the counterclaims would not substantively change the scope of the Judgment and is warranted for at least two reasons. First, the Opinion and Order states that "Motion for Judgment on the Pleadings [Dkt. No. 34] is GRANTED." Opinion and Order at 56. The Motion for Judgment on the Pleadings sought not only a declaration that *3C* was a non-infringing fair use, but also judgment "dismissing the Counterclaims in their entirety, with prejudice." *See* Dkt. No. 34 at 1. By granting Dkt. No. 34 without any limit or modification, the Court intended to grant all the requested relief, including dismissing DLT's counterclaims. Second, even setting aside the language of the Opinion and Order, DLT's counterclaims against the Production Companies for vicarious and contributory copyright infringement cannot continue in light of the Court's Opinion and Order; the Court's conclusion that *3C* was a fair use of *Three's Company* renders these claims moot and the Court reasonably intended that these claims be dismissed.

*Conclusion*

For the forgoing reasons, we respectfully request that the Court calendar a pre-motion conference to discuss the Production Companies' anticipated motion pursuant to Fed. R. Civ. P. 60(a). We respectfully request that this Court consider this letter in lieu of a longer motion and issue an order directing that the Judgment [Dkt. No. 68] be corrected to reflect that the counterclaims against the Production Companies and Mr. Adjmi are dismissed with prejudice.

Respectfully Submitted,

Toby Butterfield

Hon. Loretta A. Preska
April 14, 2015
Page 3

cc:    Jonathan Reichman, Esq.
       Michael Sander, Esq.
       Michelle Marsh, Esq.
       Edward Davis, Esq.
       Bruce Johnson, Esq.
       Camille Calman, Esq.